Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
OSCAR FRANCISCO DORANTES REYES,
*individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

LINCOLN DELI GROCERY CORP (d/b/a LINCOLN
DELI-GROCERY), 2159 DELI GROCERY CORP
(d/b/a LINCOLN DELI-GROCERY), SADEK
SALEM and MEHARI EQUBESLASIE

*Defendants.*

--------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION
UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Oscar Francisco Dorantes Reyes, individually and on behalf of others similarly situated ("Plaintiff Dorantes"), by and through his attorneys, Michael Faillace & Associates, P.C., and as against each of Defendants Lincoln Deli Grocery Corp (d/b/a Lincoln Deli-Grocery), 2159 Deli Grocery Corp (d/b/a Lincoln Deli-Grocery) ("Defendant Corporation"), Sadek Salem, and Mehari Equbeslasie (collectively, "Defendants"), upon information and belief alleges as follows:

**NATURE OF ACTION**

1.      Plaintiff Dorantes is a former employee of Defendants Lincoln Deli Grocery Corp (d/b/a Lincoln Deli-Grocery), 2159 Deli Grocery Corp (d/b/a Lincoln Deli-Grocery), Sadek Salem and Mehari Equbeslasie, who own and operate Lincoln Deli-Grocery.

2.      Lincoln Deli-Grocery is a grocery/deli owned by Sadek Salem and Mehari Equbeslasie, located at 2159 Fifth Avenue, New York, New York, 10037.

3.      Upon information and belief, Defendants Sadek Salem and Mehari Equbeslasie serve or served as owners, managers, principals or agents of Defendant Corporations and through these corporate entities operate or operated the grocery/deli as a joint or unified enterprise.

4.      Plaintiff Dorantes was an employee of Defendants.

5.      Plaintiff Dorantes worked long days as a grillman and sandwich preparer at the grocery/deli located at 2159 Fifth Avenue, New York, New York 10037.

6.      Plaintiff Dorantes regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for any of the hours that he worked each week.

7.      Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Dorantes appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Dorantes the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Defendants' conduct extended beyond Plaintiff Dorantes to all other similarly situated employees.

10.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Dorantes and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.    Plaintiff Dorantes now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6(a) (2009) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

12.    Plaintiff Dorantes seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Dorantes' state law claims is conferred by 28 U.S.C. § 1367(a).

14.    Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Dorantes was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

15.    Plaintiff Oscar Francisco Dorantes Reyes ("Plaintiff Dorantes" or "Mr. Dorantes") is an adult individual residing in Bronx County, New York. Plaintiff Dorantes was

employed by Defendants from approximately December 2013 until on or about February 2014 and from approximately April 2014 until on or about March 30, 2017.

16.     At all relevant times to this complaint, Plaintiff Dorantes was employed by Defendants as a grillman and sandwich preparer at Lincoln Deli-Grocery, located at 2159 Fifth Avenue, New York, New York, NY 10037.

17.     Plaintiff Dorantes consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     Defendants own, operate, and/or control a Grocery/deli located at 2159 Fifth Avenue, New York, New York 10037 under the name of Lincoln Deli-Grocery, at all times relevant to this complaint.

19.     Upon information and belief, Defendant Lincoln Deli Grocery Corp. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 2159 Fifth Avenue, New York, New York, 10037.

20.     Upon information and belief, Defendant 2159 Deli Grocery Corp ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 2159 Fifth Avenue, New York, New York, 10037.

21.     Defendant Sadek Salem is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

22.    Defendant Sadek Salem is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

23.    Defendant Sadek Salem possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

24.    Defendant Sadek Salem determined the wages and compensation of employees, including Plaintiff Dorantes, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

25.    Defendant Mehari Equbeslasie is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

26.    Defendant Mehari Equbeslasie is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

27.    Defendant Mehari Equbeslasie possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

28.    Defendant Mehari Equbeslasie determined the wages and compensation of employees, including Plaintiff Dorantes, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

29.    Defendants operate a grocery/deli located at 2159 Fifth Avenue, New York, New York, 10037.

30.    Individual Defendants Sadek Salem and Mehari Equbeslasie possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

31.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.    Each Defendant possessed substantial control over Plaintiff Dorantes' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Dorantes, and all similarly situated individuals, referred to herein.

33.    Defendants jointly employed Plaintiff Dorantes, and all similarly situated individuals, and are Plaintiff Dorantes' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.    In the alternative, Defendants constitute a single employer of Plaintiff Dorantes and/or similarly situated individuals.

35.    Upon information and belief, Individual Defendants Sadek Salem and Mehari Equbeslasie operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as entities legally separate and apart from their own self, by, among other things:

(a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

(b)      defectively forming or maintaining Defendant Corporations, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)      transferring assets and debts freely as between all Defendants;

(d)      operating Defendant Corporations for their own benefit as the sole or majority shareholders;

(e)      operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations or closely controlled entities;

(f)      intermingling assets and debts of their own with Defendant Corporations;

(g)      diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h)      other actions evincing a failure to adhere to the corporate form.

36.      At all relevant times, Defendants were Plaintiff Dorantes' employers within the meaning of the FLSA and NYLL.

37.      Defendants had the power to hire and fire Plaintiff Dorantes, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Dorantes' services.

38.      In each year from 2013 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39.      In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the grocery/deli on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

40.    Plaintiff Dorantes is a former employee of Defendants, who was employed as a grillman and sandwich preparer.

41.    Plaintiff Dorantes seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Oscar Francisco Dorantes Reyes*

42.    Plaintiff Dorantes was employed by Defendants from approximately December 2013 until on or about February 2014 and from approximately April 2014 until on or about March 30, 2017.

43.     At all relevant times, Plaintiff Dorantes was employed by Defendants to work as a grillman and sandwich preparer.

44.    Plaintiff Dorantes regularly handled goods in interstate commerce, such as food, condiments, and supplies necessary to perform his duties as a counter attendant and preparer of breakfast and sandwiches.

45.     Plaintiff Dorantes' work duties required neither discretion nor independent judgment.

46.    Throughout his employment with Defendants, Plaintiff Dorantes regularly worked in excess of 40 hours per week.

47.    From approximately December 2013 until on or about February 2014 and from approximately April 2014 until on or about May 2014, Plaintiff Dorantes worked from approximately 7:00 a.m. until on or about 7:30 p.m. three days  a week and from approximately 7:00 a.m. until on or about 7:00 p.m. three days a week (typically 73.5 hours per week).

48.     From approximately June 2014 until on or about October 2014 and from approximately January 2015 until on or about November 2016, Plaintiff Dorantes worked from approximately 7:00 a.m. until on or about 7:30 p.m. two days a week and from approximately 7:00 a.m. until on or about 7:00 p.m. five days a week (typically 85 hours per week).

49.     From approximately November 2014 until on or about December 2014 and from approximately December 2016 until on or about March 30, 2017, Plaintiff Dorantes worked from approximately 7:00 a.m. until on or about 7:00 p.m. six days a week (typically 72 hours per week).

50.     Throughout his employment with defendants, Plaintiff Dorantes was paid his wages in cash.

51.     From approximately December 2013 until on or about May 2014, Plaintiff Dorantes was paid $9.00 per hour for his scheduled hours.

52.     From approximately June 2014 until on or about March 30, 2017, Plaintiff Dorantes was paid $10.00 per hour for his scheduled hours.

53.     Plaintiff Dorantes' wages did not vary regardless of how many additional hours he worked in a week.

54.     For example, Plaintiff Dorantes regularly worked 30 minutes past his scheduled departure time and defendants did not compensate him for the additional time he worked.

55.     Defendants never provided Plaintiff Dorantes with break periods of any kind.

56.     Plaintiff Dorantes was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

57.    Defendants did not provide Plaintiff Dorantes with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

58.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Dorantes regarding wages as required under the FLSA and NYLL.

59.    Defendants did not provide Plaintiff Dorantes a statement of wages, as required by NYLL 195(3).

60.    Defendants did not give any notice to Plaintiff Dorantes, in English and in Spanish (Plaintiff Dorantes' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

61.    Defendants regularly required Plaintiff Dorantes to work in excess of forty (40) hours per week without paying him the minimum wage, spread of hours pay and overtime compensation.

62.    At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Dorantes and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wages, spread of hours pay and overtime compensation, as required by federal and state laws.

63.    Defendants' pay practices resulted in Plaintiff Dorantes not receiving payment for all his hours worked, resulting in Plaintiff Dorantes' effective rate of pay falling below the required minimum wage rate.

64.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

65.    Defendants also failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Dorantes with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Dorantes' relative lack of sophistication in wage and hour laws.

66.    Defendants paid Plaintiff Dorantes all of his wages in cash.

67.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Dorantes (and similarly situated individuals) worked, and to avoid paying Plaintiff Dorantes properly for (1) his full hours worked, (2) for overtime due and (3) his spread of hours pay.

68.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

69.    Defendants failed to provide Plaintiff Dorantes and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone  number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;  gross wages;  deductions;  allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or

rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

70.     Defendants failed to provide Plaintiff Dorantes and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the  employer; any "doing business as"  names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different;  and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

71.     Plaintiff Dorantes brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Lincoln Deli-Grocery (the "FLSA Class").

72.     At all relevant times, Plaintiff Dorantes   and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage under the FLSA, the required overtime pay at a one and one-half their regular

rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

73.    The claims of the Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

74.    Plaintiff Dorantes repeats and re-alleges all paragraphs above as though fully set forth herein.

75.    At all times relevant to this action, Defendants were Plaintiff Dorantes' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Dorantes (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

76.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

77.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

78.    Defendants failed to pay Plaintiff Dorantes (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

79.    Defendants' failure to pay Plaintiff Dorantes (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

80.    Plaintiff Dorantes (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

81.     Plaintiff Dorantes repeats and re-alleges all paragraphs above as though fully set forth herein.

82.     Defendants, in violation of the FLSA, failed to pay Plaintiff Dorantes (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

83.     Defendants' failure to pay Plaintiff Dorantes (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

84.     Plaintiff Dorantes (and the FLSA Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK MINIMUM WAGE RATE**

85.     Plaintiff Dorantes repeats and re-alleges all paragraphs above as though fully set forth herein.

86.     At all times relevant to this action, Defendants were Plaintiff Dorantes' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Dorantes (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

87.     Defendants, in violation of the NYLL, paid Plaintiff Dorantes (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

88.    Defendants' failure to pay Plaintiff Dorantes (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

89.    Plaintiff Dorantes (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS OF**
**THE NEW YORK STATE LABOR LAWS**

90.    Plaintiff Dorantes repeats and re-alleges all paragraphs above as though fully set forth herein.

91.    Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Dorantes (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

92.    Defendants failed to pay Plaintiff Dorantes (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

93.    Defendants' failure to pay Plaintiff Dorantes (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

94.    Plaintiff Dorantes (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR**

95.     Plaintiff Dorantes repeats and re-alleges all paragraphs above as though fully set forth herein.

96.     Defendants failed to pay Plaintiff Dorantes (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Dorantes' spread of hours exceeded ten hours in violation of New York Lab.  Law §§ 190 *et seq*., and 650 *et seq*., and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.6.

97.     Defendants' failure to pay Plaintiff Dorantes (and the FLSA Class members) an additional hour's pay for each day Plaintiff Dorantes' (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

98.     Plaintiff Dorantes (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

99.     Plaintiff Dorantes repeats and re-alleges all paragraphs above as though fully set forth herein.

100.     Defendants failed to provide Plaintiff Dorantes with a written notice, in English and in Spanish (Plaintiff Dorantes' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

101.     Defendants are liable to Plaintiff Dorantes in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

## OF THE NEW YORK LABOR LAW

102.    Plaintiff Dorantes repeats and re-alleges all paragraphs above as though set forth fully herein.

103.    Defendants did not provide Plaintiff Dorantes with wage statements upon each payment of wages, as required by NYLL 195(3).

104.    Defendants are liable to Plaintiff Dorantes in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dorantes respectfully request that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff Dorantes in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Dorantes and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Dorantes and the FLSA class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Dorantes' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against

17

wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Dorantes and the FLSA class members;

(f)     Awarding Plaintiff Dorantes and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Dorantes and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Dorantes and the members of the FLSA Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Dorantes and the members of the FLSA Class;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Dorantes;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Dorantes' and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Dorantes and the FLSA Class members;

(m)    Awarding Plaintiff Dorantes and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)    Awarding Plaintiff Dorantes and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)    Awarding Plaintiff Dorantes and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)    Awarding Plaintiff Dorantes and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(q)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)    All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Dorantes demands a trial by jury on all issues triable by a jury

Dated: New York, New York
         April 14, 2017

                              MICHAEL FAILLACE & ASSOCIATES, P.C.


                                  /s/ Michael Faillace
                              By:    Michael A. Faillace [MF-8436]
                                     60 East 42nd Street, Suite 4510
                                     New York, New York 10165
                                     (212) 317-1200
                                     *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 6, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    **Oscar Francisco Dorantes Reyes**

                                  Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

                                  06 de abril de 2017

Date / Fecha:

*Certified as a minority-owned business in the State of New York*