UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 1, 2018
```

---------------------------------------------------------------X
OSCAR FRANCISCO DORANTES REYES,            :
individually and on behalf of others similarly   :
situated,                                              :
                                                       :
                              Plaintiff,       :        17-cv-2732 (KBF)
                    -v-                         :
LINCOLN DELI GROCERY CORP. d/b/a            :        MEMORANDUM
LINCOLN DELI-GROCERY, 2159 DELI             :        DECISION & ORDER
GROCERY CORP. d/b/a LINCOLN DELI-           :
GROCERY, SADEK SALEM, and MEHARI            :
EQUBESLASIE,                                   :
                                                       :
                              Defendants.      :
---------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

Currently pending before the Court is a proposed consent judgment in the

amount of $86,000.  (ECF No. 42.)  For the reasons stated below, the Court hereby

APPROVES the amount of the consent judgment.

I.      BACKGROUND

On April 14, 2017, Oscar Francisco Dorantes Reyes ("Dorantes Reyes" or

"plaintiff") commenced this collective action against his former employers Lincoln

Deli Grocery Corp. ("Lincoln Deli"), 2159 Deli Grocery Corp. ("2159 Deli"), Sadek

Salem ("Salem"), and Mehari Equbeslasie ("Equbeslasie") (collectively,

"defendants") pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C.

§ 201 et seq., and the New York Labor Law ("NYLL"), § 190 et seq. and § 650 et seq.

(See generally Compl., ECF No. 1.)  Plaintiff's complaint alleges, in sum, that

defendants: (1) failed to pay plaintiff the requisite minimum hourly rate (See Id. ¶¶

74-80, 85-89); (2) failed to pay plaintiffs the statutorily required overtime

compensation (Id. ¶¶ 81-84, 90-94); (3) violated the "spread of hours" wage order of the New York Commissioner of Labor (Id. ¶¶ 95-98); and (4) failed to keep and provide plaintiffs with adequate records (Id. ¶¶ 99-104).

Defendants Lincoln Deli and Salem answered plaintiffs' complaint on June 26, 2017.[1] (See generally Answer, ECF No. 27.) The Court subsequently referred this action to Magistrate Judge Kevin N. Fox for settlement purposes only (ECF No. 31), and a settlement conference was held before Magistrate Judge Fox on January 24, 2018 (ECF No. 32). The settlement conference was unsuccessful, and the involved parties proceeded in preparing for trial.

On February 16, 2018, the same day the involved parties were due to submit their joint pretrial order ("JPTO"), they informed the Court that they had agreed upon a consent judgment. (ECF No. 40.) On February 26, 2018, the parties made a fairness submission containing the terms of their proposed consent judgment pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). (ECF No. 42.) The consent judgment provides that defendants Lincoln Deli and Sadek Salam are jointly and severally liable in the amount of $86,000, inclusive of attorneys' fees and costs.[2] (See generally Consent Judgment, ECF No. 42-1.)

Following a preliminary review of the fairness submission, the Court ordered plaintiffs' counsel to submit a copy of any retainer agreement they had executed

---

[1] To date, neither 2159 Deli nor Equbeslasie has answered or otherwise responded to the complaint.
[2] Plaintiff intends to file a motion for default judgment within four weeks from the date of this Memorandum Decision & Order against 2159 Deli, and will withdraw his claims without prejudice against Equbeslasie. (See ECF No. 42 at 3.)

with plaintiff on February 27, 2018.  (ECF No. 44.)  Plaintiffs' counsel duly

submitted a copy of the retainer agreement that same day.  (ECF No. 45.)

II.    LEGAL PRINCIPLES

A.  Approval of FLSA Settlements

The FLSA and its case law protects employees from being coerced into

settling claims by requiring that a settlement either be supervised by the Secretary

of Labor or be made pursuant to a judicially supervised settlement agreement.

Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015), cert.

denied, 136 S. Ct. 824 (2016).  Before the Court enters judgment on a settlement

agreement, "the parties must satisfy the Court that their agreement is 'fair and

reasonable.'"  Santos v. Yellowstone Properties, Inc., Case No. 15-cv-3986, 2016 WL

2757427, at *2 (S.D.N.Y. May 10, 2016) (quoting Velasquez v. SAFI-G, Inc., 137 F.

Supp. 3d 582, 584 (S.D.N.Y. 2015)).

To evaluate whether a settlement meets this threshold, the Court looks to the

totality of the circumstances, including:

> (1) the plaintiffs range of possible recovery; (2) the extent to which "the
> settlement will enable the parties to avoid anticipated burdens and
> expenses in establishing their respective claims and defenses;" (3) the
> seriousness of the litigation risks faced by the parties; (4) whether "the
> settlement agreement is the product of arm's-length bargaining between
> experienced counsel," and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting

Medley v. Am. Cancer Soc., Case No. 10-cv-3214, 2010 WL 3000028, at *1

(S.D.N.Y. July 23, 2010) (other citations omitted)).

Factors that weigh against settlement approval "include the following: (1) 'the presence of other employees situated similarly to the claimant'; (2) 'a likelihood that the claimant's circumstance will recur'; (3) 'a history of FLSA noncompliance by the same employer or others in the same industry or geographic region'; and (4) the desirability of 'a mature record' and 'a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.'" Id. (citation omitted).

B. Amount of Attorney's Fees

"Under the FLSA and the [NYLL], a prevailing plaintiff is entitled to reasonable attorneys' fees and costs." Anthony v. Franklin First Fin., Ltd., 844 F. Supp. 2d 504, 506 (S.D.N.Y. 2012) (citing 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1)).  Attorney's fees are intended "to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." Sand v. Greenberg, Case No. 08-cv-7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010) (explaining that "[b]ut for the separate provision of legal fees, many violations of the [FLSA] would continue unabated and uncorrected"); see also Braunstein v. Eastern Photgraphic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978) (explaining that the FLSA "should be given a liberal construction" because of its "broad remedial purpose"); Estrella v. P.R. Painting Corp., 596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009) ("The fee provisions contained in the FLSA and the [NYLL] were designed in part to secure legal representation for

4

plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements.") (citing cases).

Attorney's fees in FLSA settlements are subject to the Court's approval, however.  See 29 U.S.C. § 216(b); Velasquez, 137 F. Supp. at 585.  Plaintiffs "bear[ ] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed."  Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011) (quoting General Elec. Co. v. Compagnie Euralair, S.A., Case No. 96-cv-0884, 1997 WL 397627, at *4 (S.D.N.Y. July 3, 1997)).

In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %.  See Guzman v. Joesons Auto Parts, Case No. 11-cv-4543(ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); see also, Meza v. 317 Amsterdam Corp., No. 14-cv-9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases."); Silverstein v. AllianceBernstein LP, Case No. 09-cv-5904, 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); Beckman v. KeyBank, N.A., 293 F.R.D. 467, 481 (S.D.N.Y. Apr. 29, 2013).

In assessing the reasonableness of a proposed attorneys' fee award, the Court considers the "lodestar" amount, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case."  Stancyzk v. City of New York, 752 F.3d 273, 284 (2d Cir. 2014) (internal citations, quotations, and

alterations omitted).  "A reasonable hourly rate is 'the rate a paying client would be willing to pay . . .  bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'"  Costello v. Flatman, Case No. 11-cv-287, 2013 WL 1296739, at *4 (E.D.N.Y. Mar. 28, 2013) (discussing fees with respect to the Americans with Disabilities Act) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008) (other citation omitted)).  The Court's analysis is guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).  The relevant community is this District.  Arbor Hill, 522 F.3d at 190-91.

"Lead attorneys in this district typically charge between $300 and $400 per hour for wage-and-hour cases."  Vasquez v. TGD Grp., Inc., Case No. 14-cv-7862, 2016 WL 3181150, at *4 (S.D.N.Y. June 3, 2016); see Agudelo v. E & D LLC, Case No. 12-cv-960, 2013 WL 1401887, at *2 (S.D.N.Y. Apr. 4, 2013) (awarding lead counsel $350 per hour); Carrasco v. West Village Ritz Corp., Case No. 11-cv-7843, 2012 WL 2814112, at *7 (S.D.N.Y. July 11, 2012) ("Courts in this [d]istrict have determined in recent cases that the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450."); Wong v. Hunda Glass Corp., Case No. 09-cv4402, 2010 WL 3452417, at *3 (S.D.N .Y. Sept. 1, 2010) (stating that the reasonable hourly rate for "employment law litigators with approximately ten years' experience is between $250 per hour and $350 per hour")

(citations omitted).  For paralegals, "courts in this Circuit have generally found $75 to be reasonable."  <u>Cuevas v. Ruby Enters. of N.Y., Inc.</u>, Case No. 10-cv-5257, 2013 WL 3057715, at *3 (E.D.N.Y. June 17, 2013).

III.    DISCUSSION

Having considered all the facts and circumstances in this case, the Court finds the proposed consent judgment amount of $86,000 to be fair and reasonable.

Based on the allegations in the complaint, plaintiff estimated that he was entitled to recover $34,172.75 in back pay and up to $34,211.46 in liquidated damages.  (ECF No. 42 at 1.)  Pursuant to the proposed consent judgment (which provides for a total payment of $56,410.20 to plaintiff), plaintiff would recover the <u>entirety</u> of his alleged back pay and 65% of the potential liquidated damages.  (<u>Id.</u>)

The Court has no reason to believe that the proposed settlement here was not the result of arms-length bargaining between the parties.  The parties engaged in a settlement conference with Magistrate Judge Fox on January 24, 2018, and apparently continued settlement negotiations thereafter.  Both plaintiffs and defendants are represented by attorneys experienced in wage-and-hour litigation, and the settlement does allow both parties to avoid certain litigation risks, as well as the need for additional litigation expense.  Because the plaintiffs' proposed recovery of $56,410.20 is substantial, and actually

exceeds the aggregate amount of allegedly withheld minimum and overtime pay, the Court concludes that it is fair and reasonable.

Although the proposed award of attorney's fees provided for in the proposed settlement (one-third of the total judgment plus the cost of the complaint and service) strikes the Court as somewhat high, the Court does not conclude that the proposed settlement is "unfair" or "unreasonable" as a result. Here, the proposed settlement agreement allocates approximately $29,589.80 for attorney's fees and costs—or slightly more than thirty-four percent of the total settlement amount of $86,000—to Michael Faillace & Associates, P.C. ("Faillace & Associates"). (See ECF No. 42.) As previously noted, courts in this Circuit typically approve attorney's fees that range between 30 and 33 1/3 %. See, e.g., Guzman, 2013 WL 2898154, at *4 (collecting cases).

The proposed attorney's fees here fall just outside the high end of that range, and greatly exceed the lodestar amount of $12,390.00. (See ECF No. 42-3.) But that amount does include certain fees related to the filing of this action, and the retainer agreement signed by plaintiff on April 6, 2017 clearly states that Faillace & Associates are entitled to recover "the greater of a sum equal 40% of any and all sums recovered . . . or the amount of 'reasonable attorneys fees' determined by the court or agreed upon by the defendants." (See ECF No. 45.) The Court is not obligated to accept this arrangement as per se "fair and reasonable" simply because plaintiffs signed it, but it does indicate that up to 40% recovery is a "rate a paying client would be willing to pay" for Faillace &

Associates' services.  See Costello, 2013 WL 1296739, at *4.  Because the proposed attorney's fees and costs of approximately thirty-four percent are lower than the amount referenced in the retainer agreement, and because courts in this Circuit have routinely approved attorney's fees of thirty-three percent, the Court concludes that the proposed attorney's fees and costs in this case are fair and reasonable.

IV.     CONCLUSION

For the reasons set forth above, the Court APPROVES the proposed consent judgment.  Plaintiff's counsel is to receive $29,589.80 of the judgment amount. Plaintiff shall receive the remaining $56,410.20.

Plaintiff is directed to move for default judgment against non-answering defendant 2159 Deli not later than **Wednesday, March 28, 2018**.  If plaintiff intends to move for default against Equbeslasie, he must additionally do so by that date.  Otherwise, he must withdraw his claims as indicated at ECF No. 42 or the Court will dismiss them for failure to prosecute.

SO ORDERED.

Dated:      New York, New York
            March 1, 2018

_____
        KATHERINE B. FORREST
        United States District Judge

9