UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 5, 2018

-------------------------------------------------------------X

OSCAR FRANCISCO DORANTES REYES,
individually and on behalf of others similarly
situated,

               Plaintiff,

       -v-

LINCOLN DELI GROCERY CORP. d/b/a
LINCOLN DELI-GROCERY, 2159 DELI
GROCERY CORP. d/b/a LINCOLN DELI-
GROCERY, SADEK SALEM, and MEHARI
EQUBESLASIE,

               Defendants.

-------------------------------------------------------------X

17-cv-2732 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

On April 14, 2017, Oscar Francisco Dorantes Reyes ("Dorantes Reyes" or "plaintiff") commenced this collective action against his former employers Lincoln Deli Grocery Corp. ("LDGC"), 2159 Deli Grocery Corp. ("2159 Deli"), Sadek Salem ("Salem"), and Mehari Equbeslasie ("Equbeslasie") (collectively, "defendants") pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"), § 190 et seq. and § 650 et seq. (See generally Compl., ECF No. 1.)

Defendants LDGC and Salem answered the Complaint on June 26, 2017 (ECF No. 27), and were subsequently dismissed from this action pursuant to an approved settlement and consent judgment (ECF Nos. 46, 50). Plaintiff voluntarily dismissed defendant Equbeslasie on March 29, 2018. (ECF No. 54.) Accordingly, the only remaining defendant in this action is 2159 Deli.

On March 28, 2018, plaintiff filed a motion for default judgment against 2159 Deli. (ECF No. 52.) By Order dated March 30, 2018, the Court ordered 2159 Deli to appear and Show Cause why default should not be entered. (ECF No. 55.) The Court warned 2159 Deli that if it failed to appear for the show cause hearing, the Court would enter default judgment against it. (Id.) On May 5, 2018, the Court was prepared to hold a duly noticed Show Cause hearing, but 2159 Deli failed to appear.

In light of the foregoing, and for the additional reasons stated below, plaintiff's motion for default judgment is GRANTED.

I.      BACKGROUND

The following facts are alleged in the Complaint (ECF No. 1), and are accepted as true for purposes of the pending motion for default judgment.

Defendant 2159 Deli owns, operates, and controls a grocery/deli doing business as "Lincoln Deli-Grocery" ("Lincoln Deli") at 2159 Fifth Avenue, New York, New York. (Compl. ¶¶ 2-3, 18, 20, 29.) Plaintiff was employed as a "grillman and a sandwich preparer" at Lincoln Deli from approximately December 2013 to February 2014, and again from approximately April 2014 to March 30, 2017. (Id. ¶¶ 5, 15-16.) Plaintiff's work duties "required neither discretion nor independent judgment." (Id. ¶ 45.)

Plaintiff alleges that during the course of his employment, he routinely worked in excess of 40 hours per week and was paid less than the requisite minimum/overtime wage. (Id. ¶¶ 47-54.) Specifically, plaintiff alleges that:

- From approximately December 2013 until February 2014 and from approximately April 2014 until May 2014, he worked approximately 73.5 hours per week and was paid $9.00 per hour for scheduled hours (Id. ¶¶ 47, 51);

- From approximately June 2014 until October 2014 and from approximately January 2015 until November 2016, he worked approximately 85 hours per week and was paid $10.00 per hour for scheduled hours (Id. ¶ 48, 52); and

- From approximately November 2014 until December 2014 and from approximately December 2016 until March 30, 2017, he worked approximately 72 hours per week and was paid $10.00 per hour for scheduled hours (Id. ¶¶ 49, 52).

Plaintiff further alleges that: (1) his wages did not vary regardless of how many additional hours he worked in a week (id. ¶¶ 53-54); (2) 2159 Deli did not provide him with break period of any kind (id. ¶¶ 55); and (3) he was not provided with any notice or documentation regarding his rate of pay, his employer's regular pay day, or his actual hours worked (id. 7, 57, 59).

Plaintiff commenced this lawsuit on April 14, 2017, asserting a total of seven causes of action: (1) violation of the minimum wage provision of the FLSA, 29 U.S.C. § 206(a); (2) violation of the overtime provision of the FLSA, 29 U.S.C. § 207(a)(1); (3) violation of the minimum wage provision of the NYLL, N.Y. Lab. Law § 652(1); (4) violation of the overtime provision of the NYLL, N.Y. Lab. Law § 190 et

seq.; (5) violation of the spread of hours wage order of the New York Commissioner of Labor; (6) violation of the notice and recordkeeping requirements of the NYLL, N.Y. Lab. Law § 195(1); and (7) violation of the wage statement provisions of the NYLL, N.Y. Lab. Law § 195(3). (See Id. ¶¶ 74-104.)

Plaintiff served the Complaint on 2159 Deli on April 27, 2017 by personally serving Sue Zouky, an authorized agent in the office of the Secretary of State of New York. (ECF No. 18.) Accordingly, the deadline for 2159 Deli to answer or otherwise respond to the Complaint was May 18, 2017. See Fed. R. Civ. P. 12(a)(1)(A)(i). To date, 2159 Deli has not answered or otherwise responded to the Complaint, and has not appeared in this case.

On March 13, 2018, plaintiff obtained a certificate of default against 2159 Deli (ECF No. 49), and on March 28, 2018, plaintiff filed a motion for default judgment (ECF No. 52). Plaintiff's motion for default judgment seeks damages related to the following "pay periods":

- December 1, 2013 to December 31, 2013;

- January 1, 2014 to January 31, 2014;

- April 1, 2014 to May 31, 2014;

- June 1, 2014 to October 31, 2014;

- November 1, 2014 to December 31, 2014;

- January 1, 2015 to December 31, 2015;

- January 1, 2016 to November 30, 2016;

- December 1, 2016 to December 31, 2016; and

- January 1, 2017 to March 30, 2017.

(See Affidavit of Colin Mulholland in Supp. of Pl.'s Mot. ("Mulholland Affidavit") Ex. E, ECF No. 58-5.)

By Order dated March 30, 2018, the Court ordered 2159 Deli to appear and Show Cause why default should not be entered against it. (ECF No. 55.) Plaintiff served that Order on 2159 Deli the same day. (ECF No. 56.) 2159 Deli did not appear for the duly noticed Show Cause hearing on May 3, 2018, and has not opposed or otherwise responded to plaintiff's motion for default judgment.

## II. LEGAL PRINCIPLES

### A. Default Judgment Standard

When considering a default judgment, the Court "is required to accept all of [plaintiff's] factual allegations as true and draw all reasonable inferences in [his] favor." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). Nevertheless, before entering a default judgment, the Court must review the complaint to determine whether plaintiff has stated a valid claim for relief. See, e.g., City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011); Young-Flynn v. Wright, No. 05-cv-1488 (LAK), 2007 WL 241332, at *24 (S.D.N.Y. Jan. 26, 2007) ("A default judgment is inappropriate where a plaintiff has failed to state a cause of action against the allegedly defaulting defendant, regardless of whether the defendant filed a prompt response, or any response at all.").

While a party's default is considered a concession of all well-pleaded allegations of liability, it is not considered an admission of damages. Cement &

Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012) ("Cement"). Plaintiff bears the burden of substantiating his claim with evidence to prove the extent of his damages. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). "There must be an evidentiary basis for the damages sought," Cement, 699 F.3d at 234, and so a court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty," Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). To determine the damages owed, courts often conduct an inquest hearing, but such a hearing is not required. See Cement, 699 F.3d at 234 ("Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages." (quoting Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993) (internal quotation marks omitted))).

### B. The FLSA and NYLL

#### 1. Covered Entities

In order to establish liability under the FLSA, a plaintiff must prove that both the employee and the employer are covered by the law. The FLSA applies to "employees" or who are "employed" by "employers." See 29 U.S.C. §§ 206(a), 207(a)(1). The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." See 29 U.S.C. § 203(d); see also, e.g., Doo Nam Yang v. ACBL Corp., 427 F. Supp. 2d 327, 342-43 (S.D.N.Y. 2005). An employer is covered by the FLSA if "engaged in

commerce or in the production of goods for commerce" or where the employer "is an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 203(s)(1).

To be "engaged in commerce or in the production of goods for commerce," the enterprise must have:

> [E]mployees engaged in commerce or in the production of goods for commerce, or . . . employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and . . . whose annual gross volume of sales made or business done is not less than $500,000.

29 U.S.C. § 203(s)(1)(A). The requirements to make out a claim under the NYLL mirror the FLSA in most respects; however, the NYLL does not require a plaintiff to show that the employer was involved in interstate commerce or had $500,000 in minimum annual sales. See, e.g., Santillan v. Henao, 822 F.Supp.2d 284, 292 (E.D.N.Y. 2011). To determine whether a party qualifies as an "employer" under both statutes' "generous definitions," the relevant inquiry is "'whether the alleged employer possessed the power to control the workers in question, . . . with an eye to the economic reality presented by the facts of each case.'" Id. (quoting Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999)).

    2.  Statute of Limitations

Generally, a cause of action "for unpaid minimum wages, unpaid overtime compensation, or liquidated damages" under the FLSA must be brought "within two years after the cause of action accrued." See 29 U.S.C. § 255(a). Courts in this Circuit have held that a new cause of action under the FLSA accrues "on the

regular payday immediately following the work period for which services were rendered and not properly compensated." Doo Nam Yang, 427 F.Supp.2d at 337 (citation omitted). That said, "a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." See 29 U.S.C. § 255(a) (emphasis added). A violation is willful if the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).

An action under the NYLL must be brought within six years. See N.Y. Lab. Law §§ 198(3), 663(3).

### 3. Compensation Requirements

Both the FLSA and NYLL mandate that employees be paid at least a minimum hourly rate for every hour that they work. See 29 U.S.C. § 206(a); N.Y. Lab. Law § 652(1). The applicable minimum hourly rates for both statutory schemes are reflected in the following table:

| Time Period | FLSA | NYLL[1] |
|---|---|---|
| All times relevant prior to Dec. 31, 2013 | $7.25 per hour | $7.15 per hour |
| Dec. 31, 2013—Dec. 30, 2014 | $7.25 per hour | $8.00 per hour |
| Dec. 31, 2014—Dec. 30, 2015 | $7.25 per hour | $8.75 per hour |
| Dec. 31, 2015—Dec. 30, 2016 | $7.25 per hour | $9.00 per hour |
| Dec. 31, 2016—Dec. 30, 2017 | $7.25 per hour | $10.50 per hour (small employers) |

---

[1] As of December 31, 2016, the requisite minimum rate of pay under the NYLL differs for "large" and "small" employers in New York City. See N.Y. Lab. Law § 652. "Large" employers are defined as those who employee eleven or more employees. Id. The Complaint does not include any allegations at all regarding the number of employees employed by defendant 2159 Deli.

| | | $11.00 per hour (large employers) |
|---|---|---|

Although the requisite minimum rate of pay under the FLSA and NYLL differs at various points, both statutes provide that employers must pay their employees the higher of the two. <u>See</u> 29 U.S.C. § 218(a); N.Y. Lab. Law § 652. Both the FLSA and NYLL (through its implementing regulations) further require that employees receive overtime pay equal to one and one-half times the regular rate of pay for every hour they work in excess of 40 hours per week. <u>See</u> 29 U.S.C. § 207(a)(1); N.Y. Lab. Law § 190 <u>et seq.</u>; 12 NYCRR § 142-2.2. Finally, the NYLL mandates that covered employees receive one additional hour's pay at the minimum wage rate for any day on which "the spread of hours exceeds 10 hours." <u>See</u> 12 NYCRR 142-2.4(a).

### 4. Notice and Recordkeeping Requirements

The NYLL requires employers to give employees notice "at the time of hiring" and "on or before February first of each subsequent year of the employee's employment" of, <u>inter alia</u>, their rates of pay, allowances, and the regular pay day. <u>See</u> N.Y. Lab. Law § 195(1)(a). The law also requires employers to provide employees "with a statement with every payment of wages" containing information such as the name of the employee, the name of the employer, the rate or rates of pay, deductions, allowances, and net wages. <u>See</u> N.Y. Lab. Law § 195(3).

## III. DISCUSSION

For the reasons set forth below, the Court finds that the facts alleged in the Complaint support 2159 Deli's liability under the FLSA and NYLL. The Court

further concludes that plaintiff is entitled to a set measure of damages, as discussed below.

A.    Liability

1.    Covered Entities

First, the Court must determine whether plaintiff has adequately pleaded that both he and 2159 Deli are covered entities under the FLSA and NYLL. As previously noted, plaintiff has sufficiently alleged that he was employed at Lincoln Deli as a "grillman and a sandwich preparer" at various times from 2013-2017. (Compl. ¶¶ 5, 15-16). Plaintiff has further alleged that: (1) 2159 Deli (and the other named defendants) "act[ed] in the interest of each other with respect to employees, pay[ed] employees by the same method, and share[d] control over the employes" (id. ¶ 31); (2) 2159 Deli "possessed substantial control over [plaintiff's] working conditions, and over the policies and practices with respect to [plaintiff's] employment and compensation" (id. ¶ 32); and (3) 2159 Deli was at all relevant times his "employer" within the meaning of the FLSA and NYLL (id. ¶¶ 33, 36). Finally, plaintiff has alleged that: (1) in performing his duties for 2159 Deli, he necessarily and "regularly handled goods in interstate commerce, such as food, condiments, and supplies" (id. ¶ 44); (2) at all relevant times 2159 Deli was directly engaged in interstate commerce, for instance by selling items produced outside the State of New York (id. ¶ 39); and (3) defendants, both individually and jointly, had gross annual volume of sales not less than $500,000 (id. ¶ 38). In light of the foregoing allegations and the controlling legal standards, the Court concludes that

plaintiff's complaint sufficiently alleges that 2159 Deli was plaintiff's "employer" under both the FLSA and NYLL at all relevant times.

### 2. Statute of Limitations

Second, the Court must determine whether plaintiff's claims were brought within the statute of limitations. As previously noted, courts in this Circuit have held that a new cause of action accrues under the FLSA "on the regular payday immediately following the work period for which services were rendered and not properly compensated." Doo Nam Yang, 427 F.Supp.2d at 337 (citation omitted). Plaintiff's complaint, however, does not include any allegations whatsoever regarding the nature or timing of his "regular payday[s]," and the "pay periods" outlined in plaintiff's motion for default judgment do not shed any light on how plaintiff was regularly paid.[2]

Plaintiff commenced this action on April 14, 2017. It is therefore absolutely clear that the Complaint is timely (under both the FLSA and NYLL) as to any violation that occurred in the previous two years—that is, on or after April 14, 2015. Further, plaintiff has sufficiently alleged that defendants' conduct was "willful," (Compl. ¶¶ 62-67), which extends the FLSA limitations period to three years. See 29 U.S.C. § 255(a). Accordingly, the Complaint is timely (under both the FLSA and NYLL) as to any violation that occurred on or after April 14, 2014.

---

[2] For instance, the "pay periods" outlined in plaintiff's motion are irregular, and range in length from four weeks to fifty-two weeks. (See Mulholland Affidavit Ex. E.)

It is unclear based on the Complaint and plaintiff's motion for default judgment whether (and to what extent) plaintiff's FLSA claims for the following "pay periods" are timely:

- December 1, 2013 to December 31, 2013; and

- January 1, 2014 to January 31, 2014.

That said, plaintiff has also asserted NYLL claims which mirror and/or supersede his FLSA claims for those same "pay periods" (by, for example, requiring the same "one and a half" times overtime compensation, or mandating a higher minimum wage). And to the extent the NYLL claims do not mirror and/or supersede the FLSA claims for those pay periods, plaintiff is not seeking damages.[3] Therefore, to the extent any of plaintiff's FLSA claims related to those time periods are untimely, they do not affect the Court's analysis herein. However, for purposes of clarity, to the extent the Court enters liability judgment against defendants in this Opinion & Order, it is <u>not</u> entering liability judgment under the FLSA for the "pay periods" from December 1, 2013 to December 31, 2013 and January 1, 2014 to January 31, 2014.

3.    Minimum Wage Provisions

The Court next turns to plaintiff's allegations regarding unpaid compensation under both the FLSA and NYLL. Both the FLSA and NYLL mandate that

---

[3] For example, during the "pay period" from December 1, 2013 to December 31, 2013, the requisite "minimum wage" was set by the FLSA at $7.25 per hour. Even though the NYLL minimum wage was <u>lower</u> during that time period, plaintiff has alleged that he was paid $9.00 per hour during that period, and is not seeking back pay for violations of the FLSA minimum wage provision during that time.

employees be paid at least a minimum hourly rate for every hour that they work.
See 29 U.S.C. § 206(a); N.Y. Lab. Law § 652. The requisite minimum rates,
together with plaintiff's alleged payment during those time periods, are reflected
below:

| Time Period | **FLSA** | **NYLL** | **Plaintiff's Alleged Pay** |
| --- | --- | --- | --- |
| All times relevant prior to Dec. 31, 2013 | $7.25 per hour | $7.15 per hour | $9.00 per hour |
| Dec. 31, 2013— Dec. 30, 2014 | $7.25 per hour | $8.00 per hour | $9.00 per hour (until May 2014) $10.00 per hour (from June 2014 on) |
| Dec. 31, 2014— Dec. 30, 2015 | $7.25 per hour | $8.75 per hour | $10.00 per hour |
| Dec. 31, 2015— Dec. 30, 2016 | $7.25 per hour | $9.00 per hour | $10.00 per hour |
| Dec. 31, 2016— Dec. 30, 2017 | $7.25 per hour | $10.50 per hour (small employers) $11.00 per hour (large employers) | $10.00 per hour |

As previously noted, both the FLSA and NYLL require that covered
employees pay the <u>higher</u> of the federal or state minimum wage applicable during
any given time period. See 29 U.S.C. § 218(a); N.Y. Lab. Law § 652. Accordingly,
regardless of whether 2159 Deli is properly considered a "large" or "small"
employer[4], the Compliant sufficiently states a cause of action for violation of the
FLSA and NYLL minimum wage provisions for the period from December 31, 2016
until plaintiff ceased working for 2159 Deli on or about March 30, 2017.

---

[4] The Complaint does not include any allegations whatsoever regarding the number of employees that 2159 Deli employed during the relevant time period. On motion for default judgment the Court "is required to accept all of [plaintiff's] factual allegations as true and draw all reasonable inferences in [his] favor," Finkel, 577 F.3d at 84, but cannot construct necessary allegations out of whole cloth.

In light of the foregoing, the Court enters liability judgment against defendants as to plaintiff's first and third causes of action (alleging violation of the FLSA and NYLL minimum wage provisions, respectively) for the "pay period" from December 31, 2016 until March 30, 2017.

4.     Overtime Provisions

Both the FLSA and the NYLL (through its implementing regulations) require that employees receive overtime pay equal to one and one-half times the regular rate of pay for every hour they work in excess of 40 hours per week.  See 29 U.S.C. § 207(a)(1); N.Y. Lab. Law § 190 et seq.; 12 NYCRR § 142-2.2.  Here, plaintiff has sufficiently alleged that he routinely worked in excess of 40 hours per week, and that he was never paid more than his normal wage of $9.00 or $10.00 per hour for such work.  Thus, the Complaint sufficiently states a cause of action for violation of the FLSA and NYLL overtime provisions for all relevant time periods.

In light of the foregoing, the Court enters liability judgment against defendants as to plaintiff's second and fourth causes of action (alleging violation of the FLSA and NYLL overtime provisions, respectively).

5.     Spread of Hours

The NYLL, by virtue of a wage order issued by the New York Commissioner of Labor, mandates that covered employees receive one additional hour's pay at the minimum wage rate for any day on which "the spread of hours exceeds 10 hours." See 12 NYCRR 142-2.4(a).  Here, plaintiff has sufficiently alleged that he routinely worked a "spread of hours" in excess of ten, and that he was never paid the requisite

additional hour of compensation at the minimum wage rate. (Compl. ¶¶ 47-49, 53-55.) Accordingly, the Complaint sufficiently states a cause of action for violation of the NYLL spread of hours provision.

In light of the foregoing, the Court enters liability judgment against defendants as to plaintiff's fifth cause of action (alleging violation of the NYLL spread of hours provision).

### 6. Notice and Recordkeeping Provisions

As previously noted, the NYLL requires employers to give employees certain notices and documentation (at regular intervals and in connection with every payment) regarding, <u>inter alia</u>, rates of pay, hours worked, deductions, and allowances. <u>See</u> N.Y. Lab. Law §§ 195(1)(a), 195(3). Here, plaintiff has alleged that (1) at all relevant times he was paid in cash; (2) he was never required to keep track of his time (and defendants did not keep track of his time); and (3) 2159 Deli never provided him with any documentation of any kind in accordance with the aforementioned provisions. (Compl. ¶¶ 50, 56-60.) Accordingly, the Complaint sufficiently states a cause of action for violation of the NYLL notice and recordkeeping provisions.

In light of the foregoing, the Court enters liability judgment against defendants as to plaintiff's six and seventh causes of action (alleging violation of the NYLL notice and recordkeeping provisions).

B.    <u>Damages</u>

A party's default is not considered an admission of damages, and plaintiff bears the burden of providing an evidentiary basis to substantiate the extent of his damages.  <u>See</u> <u>Cement</u>, 699 F.3d at 234; <u>Greyhound Exhibitgroup, Inc.</u>, 973 F.2d at 158.  Here, there are some errors contained in plaintiff's proffered calculation of minimum wage and overtime damages as well as "spread of hours" damages, described more fully below.  Despite those errors, there is a sufficient evidentiary basis for the Court to calculate the proper quantum of minimum wage and overtime damages, and therefore it is unnecessary to hold an inquest hearing.  <u>See</u> <u>Cement</u>, 699 F.3d at 234.  Additionally, there is a sufficient evidentiary basis for the Court to award a set measure of damages for 2159 Deli's violation of the NYLL's spread of hours and notice/recordkeeping provisions, as set forth below.

1.    Minimum Wage and Overtime Damages

By operation of this Opinion & Order, and subject to the limitations discussed herein, the Court has entered default judgment of liability against defendant 2159 Deli for violation of the FLSA and NYLL minimum wage and overtime compensation provisions.  As relief for those violations, plaintiff seeks unpaid minimum and overtime wages for nine separate "pay periods" from 2013-2017.  (<u>See</u> Mulholland Affidavit Ex. E.)  In total, plaintiff alleges that he is owed $34,172.75 in minimum and overtime wages, in addition to allowable prejudgment interest.  (<u>Id.</u>) However, plaintiff's proffered calculation contains a number of errors.

First, plaintiff's damage calculation chart recites the wrong "minimum wage rate" for each of the nine "pay periods." Below is a chart containing plaintiff's asserted "minimum wage rate," and the <u>actual</u> applicable minimum wage rate according to 29 U.S.C. § 206(a) and N.Y. Lab. Law § 652(1):

| **"Pay Period"** | **Plaintiff's Asserted Minimum Wage Rate** | **Actual Applicable Minimum Wage Rate** |
|---|---|---|
| 12/01/13 – 12/31/13 | $8.00 per hour | $7.25 per hour |
| 01/01/14 – 01/31/14 | $8.75 per hour | $8.00 per hour |
| 04/01/14 – 05/31/14 | $8.75 per hour | $8.00 per hour |
| 06/01/14 – 10/31/14 | $9.00 per hour | $8.00 per hour |
| 11/01/14 – 12/31/14 | $9.00 per hour | $8.00 per hour |
| 01/01/15 – 12/31/15 | $9.00 per hour | $8.75 per hour |
| 01/01/16 – 11/30/16 | $9.00 per hour | $9.00 per hour |
| 12/01/16 – 12/31/16 | $9.00 per hour | $9.00 per hour |
| 01/01/17 – 03/30/17 | $9.00 per hour | $10.50 per hour (small employers) $11.00 per hour (large employers) |

Although this minimum wage error infects each of the asserted "pay periods," the Court has only found 2159 Deli liable for violation of the FLSA and NYLL provisions for the period from January 1, 2017 to March 30, 2017. Therefore, the impact on plaintiff's final damages calculation is minimal. Further, plaintiff's damage calculation contains the correct <u>overtime</u> rate for each "pay period."

Because unpaid overtime constitutes the majority of the harm here, plaintiff's calculation is very close to being correct.

The actual effect of plaintiff's error is that plaintiff is entitled to <u>more</u> than he has asserted. As previously noted in a footnote, the applicable minimum wage rate under the NYLL differs as of December 31, 2017 based on the size of the employer—"large" employers (those having eleven or more employees) are required to pay $11.00 per hour, and "small" employers need only pay $10.50 per hour. <u>See</u> N.Y. Lab. Law § 652. Here, the Complaint is completely silent as to how many people 2159 Deli employs; therefore there is no evidentiary basis for the Court to calculate damages based on the higher rate. Accordingly, the Court adopts a minimum wage rate of $10.50 per hour for the "pay period" from January 1, 2017 to March 30, 2017.

Based on this small correction, and in accordance with plaintiff's other calculations as set forth in the Mulholland Affidavit, the Court finds that 2159 Deli owes plaintiff a total of **$34,432.75** in damages for unpaid overtime and minimum wages. In accordance with 29 U.S.C. § 216(b) and N.Y. Lab. Law § 663(1), the Court additionally finds that 2159 Deli owes plaintiff an equal amount of **$34,432.75** in liquidated damages for those violations.

> 2.     Spread of Hours

Plaintiff additionally seeks damages for violation of the NYLL "spread of hours" provision. As previously noted, the NYLL mandates that covered employees receive one additional hour's pay at the minimum wage rate for any day on which "the spread of hours exceeds 10 hours." <u>See</u> 12 NYCRR 142-2.4(a). Because

plaintiff's proffered damage calculation contains the wrong minimum wages, it does not correctly calculate damages under the "spread of hours" provision. Nonetheless, the Court is able to calculate the correct quantum of damages as follows:

| "Pay Period" | Violating Days in Period[5] | Applicable Minimum Wage Rate | Total "Spread of Hours" Damages[6] |
|---|---|---|---|
| 12/01/13 – 12/31/13 | 24 | $7.25 per hour | $174.00 |
| 01/01/14 – 01/31/14 | 24 | $8.00 per hour | $192.00 |
| 04/01/14 – 05/31/14 | 54 | $8.00 per hour | $432.00 |
| 06/01/14 – 10/31/14 | 154 | $8.00 per hour | $1,232.00 |
| 11/01/14 – 12/31/14 | 54 | $8.00 per hour | $432.00 |
| 01/01/15 – 12/31/15 | 364 | $8.75 per hour | $3,185.00 |
| 01/01/16 – 11/30/16 | 288 | $9.00 per hour | $2,592.00 |
| 12/01/16 – 12/31/16 | 24 | $9.00 per hour | $216.00 |
| 01/01/17 – 03/30/17 | 78 | $10.50 per hour | $819.00 |
| **Total Damages** | | | **$9,274.00** |

Based on plaintiff's allegations and this corrected calculation, the Court finds that 2159 Deli owes plaintiff a total of **$9,274.00** in damages for violation of the NYLL "spread of hours" provision. In accordance with N.Y. Lab. Law § 663(1), the

---

[5] This number is derived from plaintiff's damage calculation chart, which recites the number of days per week in violation of the "spread of hours" provision as well as the number of weeks in the "pay period."

[6] In accordance with the relevant legal provision, this number is calculated by multiplying the number of days in which the "spread of hours" exceeded ten by the applicable minimum wage rate. See 12 NYCRR 142-2.4(a).

Court additionally finds that 2159 Deli owes plaintiff an equal amount of **$9,274.00** in liquidated damages for this violation.

3.  Notice & Recordkeeping Provisions

Finally, plaintiff seeks damages for 2159 Deli's violation of the NYLL notice and recordkeeping provisions, N.Y. Lab. Law §§ 195(1)(a), 195(3).  Based on plaintiff's allegations and the applicable law, the Court finds that 2159 Deli owes plaintiff the maximum statutory damages of $5,000 for violation of each provision, for a total of **$10,000**.  See N.Y. Lab. Law §§ 198(1-b) and (1-d).

4.  Attorneys' Fees and Costs

Both the FLSA and NYLL contain fee-shifting provisions allowing for the recovery of reasonable attorneys' fees and costs to a prevailing plaintiff.  See 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); N.Y. Lab. Law § 198(1–3).  Here, plaintiff has requested $12,390.00 in attorneys' fees and $530.00 in costs.

In order to determine an appropriate fee award, courts typically start with a determination of the "lodestar" amount, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Healey v. Leavitt, 458 F.3d 63, 71 (2d Cir. 2007) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also Anthony v. Franklin First Fin., Ltd., 844 F.Supp.2d 504, 506 (S.D.N.Y. 2012) (explaining that "[t]he Supreme Court recently approved the lodestar approach over the more discretionary approach that had been adopted by

the 5th Circuit in <u>Johnson v. Georgia Highway Express. Inc.</u>, 488 F.2d 714, 717–19 (5th Cir.1974).").  Counsel for the prevailing party must submit evidence in support of its proposed figures, and "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." <u>Hensley</u>, 461 U.S. at 433–34.  Contemporaneous billing records are required.  <u>See</u> <u>New York State Ass'n for Retarded Children, Inc. v. Carey</u>, 711 F.2d 1136, 1148 (2d Cir. 1983) (citation omitted); <u>see also</u> <u>Scott v. City of N.Y.</u>, 626 F.3d 130, 132 (2d Cir. 2010).

A reasonable hourly rate is based on "the [current] prevailing market rate for lawyers in the district in which the ruling court sits." <u>Anthony</u>, 844 F.Supp.2d at 507; <u>see also</u> <u>Costello v. Flatman</u>, No. 11 Civ. 287, 2013 WL 1296739, at *4 (E.D.N.Y. Mar. 28, 2013) ("A reasonable hourly rate is 'the rate a paying client would be willing to pay ... bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.' ") (quoting <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 522 F.3d 182, 190 (2d Cir. 2008)).  "A court may determine the reasonable hourly rate by relying both on 'its own knowledge of comparable rates charged by lawyers in the district,' as well as on 'evidence proffered by the parties.'" <u>Adorno v. Port Authority of N.Y. & N.J.</u>, 685 F.Supp.2d 507, 511 (S.D.N.Y. 2010) (citing <u>Morris v. Eversley</u>, 343 F.Supp.2d 234, 245 (S.D.N.Y. 2004); <u>Farbotko v. Clinton Cnty. of N.Y.</u>, 433 F.3d 204, 209 (2d Cir. 2005)).

Here, plaintiff argues that counsel Michael Faillace ("Faillace") should be paid at a rate of $450 per hour, and counsel Colin Mulholland should be paid at a

rate of $350 per hour.  (See Mulholland Affidavit ¶ 63.)  Faillace is the Managing

Member of Michael Faillace & Associates, P.C., has been practicing law for more

than 30 years, and is a "nationally-renowned speaker and writer on employment

law"; Mulholland is an associate at Michael Faillace & Associates, P.C., and has

bene practicing employment law for approximately five years.  (Id.)

Based on the applicable case law, the Court's own knowledge of the

prevailing rates in this district, and the evidence put forth by plaintiff, the Court

finds plaintiff's counsel's hourly rates to be unacceptably high.  The rates exceed

those ordinarily provided in this district for similar matters.  See, e.g., Aguilera v.

Cookie Panache ex. rel. Between the Bread, Ltd., 2014 WL 2115143, at *3 (S.D.N.Y.

2014) (awarding lead counsel $300 per hour, counsel $200 per hour, and junior

associates $125 per hour); Agudelo v. E & D LLC, 2013 WL 1401887, at *2 (S.D.N.Y.

2013) (awarding lead counsel $350 per hour, the second most senior attorney $250

per hour, the junior associate $200 per hour, and the paralegal $100 per hour);

Carrasco v. West Village Ritz Corp., 2012 WL 2814112, at *7 (S.D.N.Y. 2012)

("Courts in this [d]istrict have determined in recent cases that the range of

appropriate fees for experienced civil rights and employment law litigators is

between $250 and $450."); Wong v. Hunda Glass Corp., 2010 WL 3452417, at *3

(S.D.N .Y. 2010) (stating that the reasonable hourly rate for "employment law

litigators with approximately ten years' experience is between $250 per hour and

$350 per hour") (citations omitted); Allende v. Unitech Design, Inc., 783 F.Supp.2d

509, 514 (S.D.N.Y. 2011) (awarding $450 to a partner who graduated in 2001 and

$300 for a senior associate who graduated that same year); <u>Kahlil v. Original Old</u>

<u>Homestead Rest., Inc.</u>, 657 F.Supp.2d 470, 475 (S.D.N.Y. 2009) (awarding $400 to a

senior lawyer who had 25 years of experience and $150 for an associate).

Based on the prevailing rates in this district for employment law cases, the

Court hereby decreases the requested hourly rates to the following:

- Michael Faillace: $400 per hour; and

- Colin Mulholland: $200 per hour.

In determining the proper number of hours for which a defendant should be

compensated, "the district court should exclude excessive, redundant[,] or otherwise

unnecessary hours, as well as hours dedicated to severable unsuccessful claims."

<u>Quarantino v. Tiffany & Co.</u>, 166 F.3d 422, 425 (2d Cir. 1997). "The relevant issue . .

. is not whether hindsight vindicates an attorney's time expenditures, but whether,

at the time the work was performed, a reasonable attorney would have engaged in

similar time expenditures." <u>Grant v. Martinez</u>, 973 F.2d 96, 99 (2d Cir. 1992)

(citations omitted). The Court must "examine[ ] the particular hours expended by

counsel with a view to the value of the work product of the specific expenditures to

the client's case." <u>Luciano v. Olsten Corp.</u>, 109 F.3d 111, 116 (2d Cir. 1997).

Here, counsel for plaintiff has provided contemporaneous billing records and

seeks payment for a total of 33.2 hours of work. (<u>See</u> Mulholland Affidavit Ex. F,

EF No. 58-6.) However, the Court's review of the contemporaneous billing records

reveals that attorneys Faillace and Mulholland only personally completed <u>26.5</u>

<u>hours</u> of work—17.4 hours for Faillace and 9.1 hours for Mulholland. (<u>Id.</u>) The

other hours reflected in the billing records appear to have been completed by different timekeepers—"PL" and "HA"—who are not described or reflected in the pending motion for default judgment.

The Court takes no issue with the description of Faillace and Mulholland's work, but it will not award fees for the unknown timekeepers reflected in the billing records. Accordingly, based on the revised hourly rates and the number of hours worked, the Court finds that plaintiff may recover attorneys' fees in the total amount of **$8,780.00** ($6,960 for Faillace and $1,820 for Mulholland). The Court additionally finds that plaintiff may recover costs in the amount of **$530.00** as requested.

IV.    CONCLUSION

For the reasons stated above, and subject to the restrictions recited herein, the Court hereby enters a default judgment of liability for defendant 2159 Deli's failure to pay the requisite minimum and overtime wages, failure to pay spread of hours wages, and failure to provide the notices required by the NYLL. Plaintiff shall be awarded the following in damages:

- $34,432.75 in damages for unpaid overtime and minimum wages;

- $34,432.75 in liquidated damages for unpaid overtime and minimum wages;

- $9,274.00 in damages for unpaid spread of hours wages;

- $9,274.00 in liquidated damages for unpaid spread of hours wages;

- $10,000.00 for violation of the NYLL notice and recordkeeping provisions;

- $8,780.00 in attorneys' fees; and

- $530.00 in costs.

In sum, 2159 Deli owes plaintiff **$106,723.50** in damages plus allowable prejudgment interest under N.Y.C.P.L.R. § 5001.[7]

The Clerk of Court is directed to enter judgment in accordance with the rulings as set forth above, to close all open motions, and to terminate this action.

SO ORDERED.

Dated:     New York, New York
            June 5, 2018

_____
     KATHERINE B. FORREST
     United States District Judge

---

[7] Plaintiff is not entitled to prejudgment interest on damages for which liquidated damages pursuant to the FLSA were assessed—e.g., for the minimum wage and overtime damages. See Santillan v. Henao, 822 F.Supp.2d at 298.