UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 25, 2018
```

------------------------------------------------------------X
OSCAR FRANCISCO DORANTES REYES,
individually and on behalf of others similarly
situated,

                Plaintiff,

                -v-

LINCOLN DELI GROCERY CORP. d/b/a
LINCOLN DELI-GROCERY, 2159 DELI
GROCERY CORP. d/b/a LINCOLN DELI-
GROCERY, SADEK SALEM, and MEHARI
EQUBESLASIE,

                Defendants.
------------------------------------------------------------X

17-cv-2732 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

On June 5, 2018, this Court issued an Opinion & Order granting plaintiff's motion for default judgment against defendant 2159 Deli Grocery Corp. ("2159 Deli"). (ECF No. 59.) As set forth therein, the Court entered a default judgment of liability and held that plaintiff shall be awarded "$106,723.50 in damages plus allowable prejudgment interest under N.Y.C.P.L.R. § 5001." (Id. at 25 (emphasis added).) The purpose of this Order is to clarify the Court's award of "allowable prejudgment interest" so as to allow for entry of final judgment.

As an initial matter, and as the Court set forth in the Opinion & Order dated June 5, 2018, plaintiff is not entitled to prejudgment interest on damages for which liquidated damages pursuant to the FLSA were assessed. See Santillan v. Henao, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011) (citing Brock v. Superior Care, Inc., 840 F.2d 1054, 1064 (2d Cir. 1988)). Accordingly, plaintiff is not entitled to prejudgment

interest on his minimum wage and overtime damages with the exception of two "time periods"—December 1, 2013 to December 31, 2018 and January 1, 2014 to January 31, 2014 (the "Exempted Pay Periods"). The reason for this discrepancy is that although plaintiff may not recover prejudgment interest in addition to liquidated damages for FLSA violations, he may recover both for violations of state wage law. See Santillan, 822 F. Supp. 2d at 298 (citing Reilly v. Natwest Mkts. Group Inc., 181 F.3d 253, 265 (2d Cir. 1999)). And due to statute of limitations issues, the Court did not enter default judgment of liability under the FLSA for the two Exempted Pay Periods. (See ECF No. 59 at 12 ("[F]or purposes of clarity, to the extent he Court enters liability judgment against defendants in this Opinion & Order, it is not entering liability judgment under the FLSA for the 'pay periods' from December 1, 2013 to December 31, 2013 and January 1, 2014 to January 31, 2014." (emphasis in original)).)

As such, plaintiff is entitled to prejudgment interest on the following damages:

- Minimum wage and overtime damages for the Exempted Pay Periods, equal to $1,206.00;
- Spread of hours damages equal to $9,274.00; and
- Damages for violation of the NYLL notice and recordkeeping provisions equal to $10,000.00

All told, plaintiff is entitled to prejudgment interest under N.Y.C.P.L.R. § 5001 on the aggregate amount of **$20,480.00**.

Section 5001 of the N.Y.C.P.L.R. governs the calculation of prejudgment interest for violations of the state's Labor Law. Courts ordinarily apply a statutory interest rate of nine percent per annum in determining prejudgment interest under New York law. See N.Y.C.P.L.R. § 5004. Section 5001(b) provides that where, as here, "damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." See N.Y.C.P.L.R. § 5001(b). The Second Circuit has held that courts have "wide discretion in determining a reasonable date from which to award pre-judgment interest." Conway v. Ichan & Co., 16 F.3d 504, 512 (2d Cir. 1994).

Here, because 2159 Deli's violation of New York's Labor Law took place over a lengthy period of time, the Court concludes that it is in the interest of justice to calculate prejudgment interest "from a single reasonable intermediate date." Further, the Court concludes that the midway point between when "plaintiff began and ceased working for defendant" to be a "reasonable intermediate date" for purposes of calculating prejudgment interest. See Pavia v. Around the Clock Grocery, Inc., 2005 WL 4655383, at * 8 (E.D.N.Y. 2005). Accordingly, the intermediate date by which this Court will calculate prejudgment interest is **July 31, 2015**.

In sum, pursuant to N.Y.C.P.L.R. § 5001(b) and this Court's previous rulings, plaintiff is entitled to prejudgment interest on the damage amount of $20,480.00, running from July 31, 2015 until the date of the Court's Opinion & Order, which

3

was June 5, 2018. As such, plaintiff is entitled to prejudgment interest in the amount of **$5,251.86** ($20,480 * 9% interest per annum * ~2.849 years).

The Clerk of Court is directed to enter judgment in accordance with this Order and the Court's previous Opinion & Order dated June 5, 2018, and to terminate this action.

SO ORDERED.

Dated: New York, New York
June 25, 2018

_____
KATHERINE B. FORREST
United States District Judge